1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SALVADOR SANCHEZ,                          CASE NO. 09-CV-2056 JLS (CAB)

12                              Plaintiff,      **ORDER: GRANTING**
                                                **DEFENDANTS' MOTION TO**
         vs.                                    **DISMISS**
13

14   BEAR STEARNS RESIDENTIAL                   (Doc. No . 24)
     MORTGAGE CORPORATION; EMC
15   MORTGAGE; NDEX WEST, LLC.; et al.,

16                              Defendant.

17

18          Presently before the Court is Defendants Bear Stearns Residential Mortgage Corporation and

19   EMC Mortgage's motion to dismiss.  (Doc. No. 24.)  Also before the Court are Plaintiff's opposition

20   and Defendants' reply.  (Doc. Nos. 26 & 27.)  After reviewing these materials, Defendants' motion

21   to dismiss is **GRANTED**.

22                                        **BACKGROUND**

23          The facts of this case were set out in the Court's Prior Order and appear not to have changed

24   in the Second Amended Complaint (SAC).  (Doc. No. 22 (Prior Order) at 1–2.)  That factual

25   background is incorporated here by reference.

26          Plaintiff filed this suit on September 21, 2009.  (Doc. No. 1.)  On October 19, 2009,

27   Defendants filed a motion to dismiss.  (Doc. No. 4.)  On November 30, 2009, Plaintiff filed his First

28   Amended Complaint (FAC).  (Doc. No. 13.)  Defendants filed a second motion to dismiss on

December 17, 2009, (Doc. No. 15) which the Court granted on February 8, 2010.  (Prior Order.)
Plaintiff filed his Second Amended Complaint on February 26, 2010.  (Doc No. 23 (SAC).)  And
Defendants filed this motion on March 15, 2010.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that
the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a
motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and
sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain
statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not
require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-
unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009)
(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's
obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,
550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice
if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949
(citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at
570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the
court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*,
129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be
probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*
Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.
*Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal
conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis involving
the Court's "judicial experience and common sense."  *Id.* at 1950 (citation omitted).  "[W]here the
well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

1  complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

2                                      **ANALYSIS**

3  **I.   INTENTIONAL MISREPRESENTATION**

4          Plaintiff's first cause of action is for intentional misrepresentation.  In California, the elements

5  of the tort of intentional misrepresentation are "'(1) misrepresentation (false representation,

6  concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to

7  induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Alliance MortgageCo. v.*

8  *Rothwell*, 900 P.2d 601, 608 & n.4 (Cal. 1995) (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53

9  (Cal. 1988)).   If the allegations are based on concealment, then the plaintiff must show that the party

10  concealing the fact was "bound do disclose it, or . . . [gave] information of other facts which [were]

11  likely to mislead for want of communication of that fact."  Cal. Civ. Code § 1710(3).

12          Further, Federal Rule of Civil Procedure 9(b) governs the pleading of this claim because

13  intentional misrepresentation is a form of fraud.  *See Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d

14  1, 5 (Cal. Ct. App. 2004); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003).

15  Rule 9(b) states that "In alleging fraud or mistake, a party must state with particularity the

16  circumstances constituting fraud or mistake."  These allegations must "be 'specific enough to give

17  defendants notice of the particular misconduct . . . so that they can defend against the charge and not

18  just deny that they have done anything wrong.'  Averments of fraud must be accompanied by 'the

19  who, what, when, where, and how' of the misconduct charged.  '[A] plaintiff must set forth more than

20  the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or

21  misleading about a statement, and why it is false.'" *Vess* 317 F.3d at 1106 (citations omitted).

22          According to Defendants, Plaintiff's claim fails because (1) it fails to differentiate between

23  Defendants in its allegations, and (2) it "fails to allege what material facts were allegedly

24  misrepresented by Defendants or that Defendants made any representation at all to Plaintiff." (Memo.

25  ISO Motion at 3–4.)  Further, as to Defendant EMC Mortgage, the claim "fails" because "[i]t appears

26  that all representations were made by parties other than EMC since, as evidenced by the recorded title

27  documents, EMC did not originate the subject loans to Plaintiff."  (*Id.* at 3–4.)

28          The Court finds that this claim must be **DISMISSED WITH PREJUDICE** as against

Defendant EMC.  As Defendants point out, the SAC makes no allegations of intentional misrepresentation against Defendant EMC.  The first cause of action describes EMC as "the current servicer/lender/beneficiary under the note and/or deed of trust or who was acting on behalf of either the holder of the note or the current beneficiary under the deed of trust when they sold the home in a foreclosure sale to SD Seaport."  (SAC ¶ 32.)  It does not, however, allege that EMC made any misrepresentations or was involved at the loans' origination.  Therefore, since the key element of an intentional misrepresentatoin is absent, there is no basis for this claim against EMC.

In the Opposition, Plaintiff claims that "EMC was acting as the undisclosed lender as Bear Stearns was immediately selling off these loans such as the Plaintiff's to investors using EMC underwriting standards." (Opp. at 3.)  Nothing even suggesting such a thing is in the SAC.  Moreover, it is difficult to see how this is relevant to the issue of an intentional representation.  Plaintiff does not claim his loan was sold, or that EMC instructed or encouraged Bear Stearns to make misrepresentations, or was otherwise directly involved in the loans' origination.  And most importantly, Plaintiff is still unable to offer any actual misrepresentation by EMC.

As to Defendant Bear Stearns, the Court finds that this claim should be **DISMISSED WITHOUT PREJUDICE**.  As Defendants rightly point out, the SAC lacks adequate specificity pursuant to Rule 9(b).  The Court has identified four different places where Plaintiff attempts to state a misrepresentation.  (*See* SAC ¶¶ 29–31.)  Each, however, is defective.  Two of these statements indicate that Plaintiff "was misled" and what he believed.  (*Id.* ¶ 29.)  They do not, however identify the statements (either generally or specifically) which actually misled Plaintiff.  (*Id.*)  A third "representation" is similarly unclear because it merges alleged (but unidentified) statements by Doe defendants with an act of the "underwriting department," and fails to identify either the "where" or "when" of the misrepresentations.  (*Id.* ¶ 30.)  The final allegation is similarly deficient because it fails to identify who made the statement or how it was communicated.  (*Id.* ¶ 31.)  Moreover, and equally fatally, Plaintiff has not pled either intent to defraud or knowledge of falsity with respect to these statements.

Therefore, as previously stated, Defendants' motion is **GRANTED** on this claim.  The intentional misrepresentation cause of action is **DISMISSED WITH PREJUDICE** as to Defendant

1   EMC and **DISMISSED WITHOUT PREJUDICE** as to Defendant Bear Stearns.

2   **II.    FRAUDULENT CONCEALMENT**

3          Plaintiff's second cause of action is for fraudulent concealment.  (SAC ¶¶ 39–49.)  "[T]he

4   elements of that action are: (1) the defendant must have concealed or suppressed a material fact, (2)

5   the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must

6   have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the

7   plaintiff must have been unaware of the fact and would not have acted as he did if he had known of

8   the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the

9   plaintiff must have sustained damage."  *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 100 Cal. Rptr.

10  3d 637, 653 (Cal. Ct. App. 2009) (quoting *Roddenberry v. Roddenberry*, 51 Cal. Rptr. 2d 907, 926

11  (Cal. Ct. App. 1996)) (citation and quotation marks omitted).  And, as with the intentional

12  misrepresentation claim, this cause of action is governed by Rule 9(b).  *See Cadlo*, 23 Cal. Rptr. 3d

13  at 5; *Vess*, 317 F.3d at 1102–03.

14         Defendants make three arguments against this claim.  First, that "the SAC alleges no personnel

15  or employee of Defendants who allegedly engaged in the fraudulent conduct," but rather "refers to

16  'defendants' collectively."  (Memo. ISO Motion at 5.)  Second, "Plaintiff's allegations are conclusory

17  and do not put Defendants on notice as to what is being alleged against them."  (*Id.*)  Finally,

18  Defendants claim that they "do not owe a duty to Plaintiff."

19         The Court agrees with Defendants.  The most specific allegation in this complaint is that

20  Defendants "failed to provide disclosures."  (SAC ¶ 41.)  It does not, however, indicate which

21  disclosures Defendants failed to provide or who failed to make those disclosures.  The SAC also does

22  not say why the Defendants were under a duty to make any disclosures to Plaintiff, but rather only that

23  such a duty exists "under federal and state law."  (*Id.* ¶¶ 42–43.)  Since, generally "a financial

24  institution owe[s] no duty of care to a borrower," this Court will not simply presume that one exists.

25  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  Moreover, Plaintiff

26  has failed to comply with Rule 9(b)'s directives.  He has not stated "the who, what, when, where, and

27  how" of the alleged fraud nor even specifically identified what fraud was perpetuated.  *Vess* 317 F.3d

28  at 1106.

1   Therefore, the second cause of action is **DISMISSED WITHOUT PREJUDICE** and with

2   **LEAVE TO AMEND** to correct the noted deficiencies.

3   **III.   ACCOUNTING & RESPA VIOLATION (12 U.S.C. § 2605(E))**

4   Plaintiff's fifth claim is for accounting and violation of 12 U.S.C. § 2605(e). 12 U.S.C. § 2605

5   is a provision of the Real Estate Settlement Procedures Act (RESPA).  Section 2605(e)(1)(A)

6   provides:

> If any servicer of a federally related mortgage loan receives a qualified written request
> from the borrower . . . for information relating to the servicing of such loan, the
> servicer shall provide a written response acknowledging receipt of the correspondence
> within 20 days . . . unless the action requested is taken within such period.

7

8

9   A qualified written request must "enable[] the servicer to identify[] the name and account of the

10  borrower," and "include[] a statement of the reasons for the belief of the borrower . . . that the account

11  is in error."  12 U.S.C. § 2605(e)(1)(B).  A plaintiff suing for violation of this section may recover

12  actual damages, up to $1,000 in statutory damages where there is "a pattern or practice of

13  noncompliance," and reasonable costs and attorney's fees.  12 U.S.C. § 2605(f).

14

15  Plaintiff's fifth cause of action is deficient in several ways.  First, it is unclear that the

16  document sent to Defendant EMC was actually a qualified written request (QWR).  The complaint

17  simply assumes that it was.  (*See* SAC ¶ 66.)  Plaintiff does not allege facts demonstrating that the

18  alleged QWR "include[d], or otherwise enable[d] the servicer to identify, the name and account of the

19  borrower."  12 U.S.C. § 2605(e)(1)(B)(i).  Without this allegation, it is implausible that he will be able

20  to recover.  *See Lincoln v. GMAC Mortgage, LLC*, 2009 WL 5184413, at *2 (C.D. Cal. 2009).

21  Moreover, the SAC does not allege that Plaintiff suffered "actual damages . . . as a result of

22  [Defendant's] failure" to respond to the QWR.  12 U.S.C. § 2605(f)(1)(A).  The SAC merely states

23  Plaintiff is entitled to actual damages.  (SAC ¶ 69.)  Plaintiff also does not allege facts indicating "a

24  pattern or practice of noncompliance."  12 U.S.C. § 2605(f)(1)(B).  Given the statute's text, Plaintiff

25  cannot recover if he has not shown at least one of these two items.[1]  *See Garcia v. Wachovia Mortgage

26  Corp.*, 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009).  Thus, Plaintiff's claim under 12 U.S.C. § 2605 is

27  ───────────────

28  [1] Contrary to Defendants' argument, Plaintiff need not show both actual damages and a pattern or practice of noncompliance.  (Memo. ISO Motion at 10–11.)  The pattern or practice requirement applies only to an award of "additional damages," not to an award of actual damages.  12 U.S.C. § 2605(f)(1).

1  **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

2      As to the request for an accounting, it is not one of the available remedies under RESPA.  *See*

3  *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, at \*13 (C.D. Cal. 2009).  Thus, the

4  Court evaluates whether Plaintiff has stated an independent claim for accounting.

5      As discussed in the Prior Order, "[a]n accounting cause of action is equitable in nature, and

6  may be sought 'where . . . the accounts are so complicated that an ordinary legal action demanding

7  a fixed sum is impracticable.'" *Civic W. Corp. v. Zilla Indus. Inc.*, 135 Cal. Rptr. 915, 923 (Cal. Ct.

8  App. 1977).  The party seeking an accounting must be a "wronged fiduciary."  *See Glue-Fold, Inc.*

9  *v. Slautterback Corp.*, 98 Cal Rptr. 2d 611, 663 n.3 (Cal. Ct. App. 2000).  "'A suit for an accounting

10 will not lie where it appears from the complaint that none is necessary or that there is an adequate

11 remedy at law.  An accounting will not be accorded with respect to a sum that a plaintiff seeks to

12 recover and alleges in his complaint to be a sum certain.'" *Id.* (citation omitted).

13     As in the FAC, the SAC fails to allege facts to support an independent claim for accounting.

14 There are no facts which indicate that Plaintiff and Defendant EMC were or are in a fiduciary

15 relationship.[2]  Nor has Plaintiff alleged that these accounts are "so complicated that an ordinary legal

16 action demanding a fixed sum is impracticable." *Civic W.*, 135 Cal. Rptr. at 923.  Because the Court

17 set these factors out in its prior motion and Plaintiff failed to correct the defects in his pleading, the

18 claim for accounting is **DISMISSED WITH PREJUDICE**.[3]

19 **IV.    VIOLATION OF RESPA (12 U.S.C. § 2607)**

20     The sixth cause of action is also for an alleged violation of 12 U.S.C. § 2607.  Its specific

21 allegation is that Plaintiff's loan involved an illegal yield spread premium.  (SAC ¶ 75.) As this Court

22 has previously noted, claims under section 2607  must be brought within one year "from the date of

23 the occurrence of the violation."  12 U.S.C. § 2614; *see also* Prior Order at 8–9.

24     Plaintiff executed his loan on September 1, 2006.  (SAC ¶ 7.)  This action was not filed until

25

26     [2] Plaintiff's bare assertion that "Defendant EMC had a fiduciary duty" is inadequate to carry
   this point.  (SAC ¶ 43.)

27

28     [3] This dismissal applies only to Plaintiff's independent claim for accounting.  If one of his
   other causes of action will allow for accounting as an equitable remedy, this holding does not bar him
   from seeking such a remedy.

September 21, 2009, more than three years after the loan was consummated. (Doc. No. 1.) Generally, such a claim would be barred by the statute of limitations.

Plaintiff believes that he is entitled to tolling of the limitations period. (Opp. at 4.) He argues that it should run from when he first met with his attorney in September of 2009 because he is "primarily a Spanish speaker[ and] would be in no position to discover that the yield spread premium was being used as a kickback outside of escrow to sell the Plaintiff into a more dangerous loan." (*Id.*)

The Court's Prior Order held that these allegations do not justify tolling. (Prior Order at 9.) "Plaintiff has been in possession of his loan documents since at least September 1, 2006, the date his loan closed.  The alleged violation of RESPA would have been apparent on the face of those documents.  The statute of limitations here is not based on actual discovery of the violation.  Plaintiff had a reasonable opportunity to discover these alleged violations from the date the loan was consummated." (*Id.*)  The SAC does not allege that Plaintiff is a Spanish speaker or that he is not a mortgage professional.  However, neither would not change this conclusion because the alleged violations were apparent on the face of the documents.  Making the statute of limitations a rule of actual discovery in this type of case would effectively nullify Congress's purpose in placing it in the statute.  Therefore, the sixth cause of action is **DISMISSED WITH PREJUDICE**.

**VII.  CALIFORNIA UNFAIR BUSINESS PRACTICES ACT**

The final cause of action is for alleged violations of California Business and Professions Code section 17200, et seq., otherwise known as the Unfair Business Practices Act.  (SAC ¶¶ 82–85.) "California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'"  *In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code §§ 17200, et seq.).  To state a claim, the plaintiff must allege that the Defendant's acts were unlawful, unfair or fraudulent.  *Id.*  Plaintiff believes that Defendant Bear Stearns's business practice "designed to place Plaintiff into an unsuitable mortgage product thereby destroying his equity in the Property and causing financial and emotional distress" was "unlawful, unfair and  fraudulent."  (SAC ¶ 84.)

//

//

### A.    Unlawful Prong

"The 'unlawful' practices prohibited by . . . section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 881 (1999) (citations omitted). Under the unlawful prong, therefore, the UCL "borrows" violations of other laws and makes them independently actionable under the UCL. *See id.*; *see also Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938 (2003). Because all causes of action against the moving Defendants are dismissed, the motion to dismiss this claim on the unlawful prong is **GRANTED**.

### B.    Unfair Prong

A practice that is not "unlawful" under the UCL may still be considered "unfair." *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180–81 (1999). In *Cel-Tech*, the California Supreme Court ruled that conduct is "unfair" between business competitors under the UCL only if it is "tethered" to an underlying law. *Cel-Tech*, 20 Cal. 4th at 186–87. Whether this "tethering" test is applicable to allegations of unfair competition as applied to consumers, however, is not settled. California appellate courts have split on whether to apply the "tethering" test or an older "balancing test." *Compare Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002) (applying "tether" test to consumers); *and Scripps Clinic*, 108 Cal. App. 4th at 938 (same); *with Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718–19 (2001) (applying balancing test). The Ninth Circuit has not stated its preference. *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 737 (9th Cir. 2007). This Court finds that the "tether" test is more in line with the California Supreme Court's reasoning in *Cel-Tech*. The *Cel-Tech* court found, and this Court agrees, that the balancing test to determine unfairness is "too amorphous and provide[s] too little guidance to the courts." *Cel-Tech*, 20 Cal.4th at 185.

Therefore, this claim must be **DISMISSED  WITHOUT PREJUDICE** on the unfair prong. The SAC does not "tether" its allegations of unfairness to any underlying law. Rather it simply states that this practice is "unfair." This is insufficient to survive Defendants' motion to dismiss.

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## C.    Fraudulent Prong

To state a cause of action under the fraudulent prong of Section 17200, "it is necessary only to show that 'members of the public are likely to be deceived.' Allegations of actual deception[ and] reasonable reliance . . . are unnecessary."[4] *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 668 (Cal. 1983). In this case, Plaintiff has neither alleged nor shown that "members of the public are likely to be deceived." He merely states that Defendant Bear Stearns has engaged in a "fraudulent business practice." This is inadequate to survive Defendant's motion to dismiss. Therefore, this claim is **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the reasons stated, Defendants' motion to dismiss is **GRANTED**. The first cause of action is **DISMISSED WITH PREJUDICE** as against Defendant EMC and **DISMISSED WITHOUT PREJUDICE** as to Defendant Bear Stearns. The second cause of action is **DISMISSED WITHOUT PREJUDICE**. The fifth cause of action is **DISMISSED WITHOUT PREJUDICE** as to the claim under 12 U.S.C. § 2605(e) and **DISMISSED WITH PREJUDICE** as to the claim for accounting. The sixth cause of action is **DISMISSED WITH PREJUDICE**. Finally, the seventh cause of action is **DISMISSED WITHOUT PREJUDICE**. Further, the Court finds it appropriate to grant Plaintiff **LEAVE TO AMEND**. He **MAY FILE** an amended complaint within twenty-one days of the date this Order is electronically docketed.

IT IS SO ORDERED.

DATED: May 11, 2010

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

---

[4]    Although this case held that damages were also unnecessary, after the enactment of Proposition 64 on November 2, 2004, "a private person has standing to sue only if he or she 'has suffered injury in fact and has lost money or property as a result of such unfair competition.'" *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 227 (2006); *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 668 (Cal. 1983). Therefore, the holding that "damages are unnecessary" is no longer good law.

09cv2056